### R. L. JACKSON V. THE STATE.

No. 16373. Delivered February 7, 1934.
Reported in 68 S. W. (2d) 211.

The opinion states the case.

*D. E. O'Fiel,* of Beaumont, and *D. C. Bland,* of Orange, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault to murder; punishment, four years in the penitentiary.

The facts are in a condition of conflict. The state witnesses testified to a clear case of assault with intent to murder. The witnesses for the defense testified to an equally clear case of self-defense. The solving of conflicts in testimony is a matter confided to the jury by statute, and we are forbidden to override the result of their verdict, unless there be such lack of testimony as to lead us to conclude that the verdict was the result of prejudice, passion, etc. This record presents no such condition.

There is a bill of exceptions complaining that state witness Duke, who was out hunting with the injured party, but was not present at the moment of the shooting,—was permitted to say that the condition of the gun had by the injured party had not changed any. This bill is qualified by setting out previous testimony given by Mr. Duke in which he said that the gun was not in working order at the time of the shooting; that the rim of a shell had pulled off in the body of the gun, and the main part of the shell was hung in the barrel, and that this had occurred some thirty minutes before the shooting. Manifestly there is no error in the testimony complained of.

Another bill of exceptions complains of the testimony of Mr. Duke that as he and the injured party came from the scene of the shooting back home in a boat, they passed a boat in which appellant was with others, and that appellant "Hid his head." This was objected to as prejudicial, and not in response to the question. This bill is also qualified by the statement of the trial

court, in substance, that immediately after the shooting appellant fled the country and was arrested in another county. The testimony was admissible in connection with the showing of flight.

Another bill of exceptions complains of the admission in evidence of a statement by the party who was shot, that he stayed in bed nearly six months as a result thereof. We do not think this matter presents any error.

We find another bill of exceptions complaining of the fact that the injured party was permitted to testify in reference to the gun had by him at the time he was shot, that it was not possible to shoot that gun at the time appellant shot him. In view of the entire testimony in regard to the condition of the gun had by the injured party, which is not controverted in any way, we do not think the question and answer improper. We are not favored with a brief by appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*